# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re: Seizure of $100,622.44 in
U.S. Currency

Darius Khoshnevis,　　　　　　　　　　Case 19-mc-51236

　　　　　　　　Movant,　　　　　　　Judith E. Levy
　　　　　　　　　　　　　　　　　　　United States District Judge
v.
　　　　　　　　　　　　　　　　　　　Mag. Judge R. Steven Whalen
United States of America,

　　　　　　　　Respondent.
_____/

## OPINION AND ORDER DECLINING TO EXERCISE EQUITABLE JURISDICTION AND DISMISSING CASE

This is a suit for the return of seized property. Respondent United States of America is currently in possession of over $100,000 of U.S. currency seized from Movant Darius Khoshnevis. Khoshnevis filed this complaint seeking to invoke the Court's equitable jurisdiction and the return of funds. Because criminal proceedings against Khoshnevis are now ongoing, this action is more appropriately brought in his criminal case. Khoshnevis has an adequate remedy at law, and the Court declines to exercise its equitable jurisdiction here. The case is dismissed without prejudice.

## I. Background

On or around October 31, 2018, the Drug Enforcement Administration (DEA) seized at least $100,622.44 in U.S. currency from Movant Darius Khoshnevis—$4,300 from Khoshnevis' residence on Allspice Drive and $96,322.44 from two of Khoshnevis' bank accounts. (ECF No. 4, PageID.53.)

The Civil Asset Forfeiture Reform Act of 2000 outlines the parties' rights and responsibilities with respect to the seized currency. Pub. L. 106–185, 114 Stat. 202 (2000). For almost a year, events proceeded as set forth by statute. Pursuant to 18 U.S.C. § 983(a)(1)(A)(i), the DEA provided Khoshnevis with a Notice of Seizure to Khoshnevis for the funds on December 18 (bank accounts) and December 21, 2018 (Allspice residence). (ECF No. 4, PageID.53; ECF No.4-2.) Pursuant to 18 U.S.C. § 983(a)(2), Khoshnevis filed a Claim of Interest for the funds on January 16, 2019. On each of April 2, 2019, June 13, 2019, and July 11, 2019, the parties agreed, pursuant to 18 U.S.C. § 983(a)(3)(A), to extend the Government's deadline to either file a complaint for forfeiture pursuant to 18 U.S.C. § 983(a)(3)(B) or return the property. (ECF No. 4, PageID.54.) The Government's last deadline was August 9, 2019. *Id.*

The Government took no action with respect to forfeiture on or before its August 9 deadline. On August 27, 2019, Khoshnevis filed a Rule 41(g) Initiating Motion for the Immediate Return of the $100,622.44. (ECF No. 1). Khoshnevis failed to serve the United States. After discussion between the Court and the parties, Khoshnevis filed a Complaint for Equitable Relief and Amended Motion for Return of Property on October 10, 2019. (ECF Nos. 3, 4.)

On November 26, 2019, a grand jury indicted Khoshnevis for conspiracy and manufacture of, possession of, and possession with intent to distribute a controlled substance under 21 U.S.C. §§ 841 and 846. *United States v. Khoshnevis*, No. 19-20778 (E.D. Mich. Nov. 26, 2019), ECF No. 1. The indictment includes forfeiture allegations under 21 U.S.C. §§ 853 and 2461(c). (*Id.* at PageID.5.) On December 4, 2019, the Government filed in Khoshnevis' criminal case a Notice of First Forfeiture Bill of Particulars that includes all of the seized currency. *Id.* at ECF No. 5.

## II. Legal Standard

Federal Rule of Criminal Procedure Rule 41(g) provides that "a person aggrieved by an unlawful search and seizure of property or by the

deprivation of property may move for the property's return." When there are no criminal proceedings against the movant, a court may exercise its civil equitable jurisdiction over a Rule 41(g) motion. *See United States v. Search of Music City Mktg., Inc.*, 212 F.3d 920, 923 (6th Cir. 2000). Civil equitable jurisdiction is discretionary; a court should exercise it only with "caution and restraint." *$8,050.00 in U.S. Currency v. United States*, 307 F. Supp. 2d 922, 925 (N.D. Ohio 2004) (citing *Floyd v. United States*, 860 F.2d 999 (10th Cir. 1988)). Four factors guide the analysis of whether equity demands the Court exercise jurisdiction:

> (1) whether the Government displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in and need for the property [they] want[] returned; (3) whether the movant would be irreparably injured by denying return of the property; and (4) whether the movant has an adequate remedy at law for the redress of [their] grievance.

*See In re Search of 32900 Five Mile Rd.*, Nos. 13-50293, 15-50512, WL 3742589, at *4 (E.D. Mich., June 15, 2015) (citing *Ramsden v. United States*, 2 F.3d 322, 325 (9th Cir. 1993)).

If an adequate remedy at law exists, the fourth factor is dispositive: a movant is not entitled to equitable relief, and a court must decline to exercise jurisdiction. *See Brown v. United States*, 692 F.3d 550, 552 (6th

Cir. 2012) (claimant not entitled to equitable remedy in 41(g) motion when adequate remedy at law exists); *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989) ("Under standard equity doctrine, where there is an adequate remedy at law it must be pursued.").

### III. Analysis

Because Khoshnevis has an adequate remedy at law, the case must be dismissed. Khoshnevis was indicted on November 26, 2019. In this case, Khoshnevis seeks only the return of his funds. (ECF No. 3, PageID.48.) He may file a Rule 41(g) motion in his criminal case contesting their seizure. *United States. v. Wiese,* Case No. 10-51297, 2012 WL 43369, at *1 (E.D. Mich. Jan. 9, 2012) (requiring movant to contest forfeiture in criminal proceeding rather than civil action); *see also Omidi v. United States*, 851 F.3d 859, 863 (9th Cir. 2017) (41(g) motions "can be heard as part of the criminal case itself"); *Chaim v. United States*, 692 F. Supp. 2d 461, 471 (D.N.J. 2010) ("If the party that has filed the Rule 41(g) motion is itself indicted, it is clear that any attempts to recover property must then occur in that criminal proceeding.") Under Sixth Circuit precedent, that is dispositive. *See Brown*, 692 F.3d at 552 (6th Cir. 2012); *Shaw*, 891 F.2d at 603 (6th Cir. 1989). The case must be dismissed.

Khoshnevis' own filings contemplate this result. He argues that "[t]his Court has jurisdiction to entertain a Rule 41(g) motion when no criminal proceedings have been commenced." (ECF No. 4, PageID.55.) He also writes that "where the United States has not instituted forfeiture proceedings or criminal proceedings, Mr. Khoshnevis clearly lacks an adequate remedy at law to recover his property." (ECF No. 4, PageID.56.) Prior to November 26, 2019, at which time this case was still being briefed by the parties, equitable principles may very well have favored the exercise of jurisdiction. Now that Khoshnevis has been indicted, he must pursue his claims, if at all, in his criminal case.

## IV. Conclusion

For the reasons set forth above, the case is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: December 12, 2019       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

     s/Judith E. Levy
     JUDITH E. LEVY
     UNITED STATES DISTRICT JUDGE

Date: December 12, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, December 12, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz

Case Manager